UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY NAVIN,<br>    Plaintiff,<br><br>    v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE HOLDERS OF DEUTSCHE ALT-A SECURITIES, INC., MORTGAGE LOAN TRUST, SERIES 2005-6 C/O AMERICAS SERVICING COMPANY FOR NORWEST HOME IMPROVEMENT, WELLS FARGO,<br>and WELLS FARGO BANK,<br>    Defendants. | No. 3:12-cv-00752 (SRU) |

### RULING ON PLANTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Jeffrey Navin ("Navin") brought this action alleging the defendants violated a variety of federal and state consumer protection statutes by foreclosing on a piece of real property owned by Navin. On February 15, 2013, I granted the defendants' motion to dismiss the complaint as barred by the *Rooker-Feldman* doctrine and the applicable statute of limitations. *See* Minute Entry (doc. # 30). Before the court is Navin's motion for reconsideration. Because Navin failed to produce any evidence that demonstrates there is a claim upon which this court may provide relief, Navin's motion for reconsideration (doc. # 32) is DENIED.

**I.**    **Background**

On October 5, 2005, Navin executed a promissory note in the principal amount of $1,313,000 to American Brokers Conduit. To secure repayment of the loan, Navin conveyed his interest in a piece of real property by executing a mortgage deed in favor of Mortgage Electronic Registration Systems (a nominee of American Brokers Conduit). Eventually the mortgage and note were assigned to defendant HSBC Bank USA ("HSBC") and recorded on June 14, 2007.

Navin made payments until March 1, 2007, and subsequently has not made any payments on the principal or the interest of the loan.

  HSBC timely notified Navin that he was in default and commenced a foreclosure action against the mortgaged property in Connecticut Superior Court in June 2007. Navin disputed the legality of the assignment of the mortgage and note to HSBC, and consequently the standing of HSBC to bring the foreclosure action. The Connecticut Superior Court granted HSBC's motion for summary judgment in November 2009, and ordered the foreclosure. The Connecticut Court of Appeals affirmed the decision relying on *Chase Home Finance, LLC v. Fequiere*, 119 Conn. App. 570 (2010), ruling that the holder of a promissory note may foreclose on property securing that note even if the mortgage has not been properly assigned. *HSBC Bank, N.A. v. Navin*, 129 Conn. App. 707, 711 (2011). The Connecticut Supreme Court denied review. *HSBC Bank USA, N.A. v. Navin*, 302 Conn. 948 (2011).

  On May 18, 2012, Navin filed the instant complaint containing three separate counts. *See* Compl. (doc. # 1). Count I asserts a variety of claims essentially alleging that the defendants committed unfair and deceptive practices in violation of various unspecified federal and state consumer protection laws with regards to the servicing of Navin's loan. *See id.* ¶¶ 21-35. Count II alleges violations of Connecticut consumer protection laws by unfair and deceptive consumer practices. *Id.* ¶¶ 36-38. Finally, Count III alleges unfair and deceptive consumer practices in the origination of the loan made to Navin. *Id.* ¶¶ 39-41.

  The defendants filed a motion to dismiss, or alternatively, a motion for more definite statement (doc. # 16). At the February 15, 2013, hearing on the defendants' motion, I ruled that the majority of Navin's claims were barred by the *Rooker-Feldman* doctrine because Navin had already litigated those same issues and lost in state court. To the extent those claims were based

on the invalidity of the assignment of the mortgage and note to the defendants, I ruled that this court lacks jurisdiction. To decide otherwise would necessarily involve disturbing the decisions of the state court. Further, I concluded the only claims not encompassed by the decisions of the state courts were violations of the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. §§ 42-110a et seq. ("CUTPA"). However, due to the apparent lack of account activity after Navin stopped making payments on his mortgage in 2007, and because CUTPA has a three-year statute of limitations, I dismissed those claims as time-barred. Notwithstanding that ruling, I informed Navin that, if he is able to show any mortgage account activity in the period of time not barred by the statute of limitations, I would reconsider the dismissal. Navin responded by filing the instant motion for reconsideration.

## II.     Standard of Review

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478).

## III.    Discussion

In the present case, Navin brings a multitude of claims, but the scope of claims this court

may adjudicate is narrow. At the hearing on February 15, 2013, I dismissed Navin's complaint in its entirety because he failed to allege any harms that may be redressed by this court. Subsequently, Navin has not produced any evidence that allows me to reconsider that ruling.

### A. Claims Precluded by the *Rooker-Feldman* Doctrine

Navin's main contention seems to be that HSBC was not the rightful holder of the promissory note at the time the bank brought the foreclosure action. However, because those issues were already litigated and decided upon by the state courts, I am barred from considering those claims by the *Rooker-Feldman* doctrine. That doctrine aims to prevent a plaintiff who lost in state court from attempting to have his claims reheard in federal court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (quoting *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85 (2d Cir. 2005)).

Here, all elements of the *Rooker-Feldman* test are met. Each claim Navin brings in this court regarding validity of the assignment of the note was already brought in state court where Navin lost. *See HSBC Bank, N.A. v. Navin*, 129 Conn. App. 707, 709 (2011). Navin's allegations in the present action are a direct invitation for this court to review the final judgment of the state courts with which he disagrees. Therefore, I must decline this invitation. This court is barred from considering the merits of Navin's cause of action on the "rightful holder" theory

of the case by the *Rooker-Feldman* doctrine.  Navin has presented no facts or arguments that persuade me to reconsider my previous ruling on those matters.

    B.  CUTPA Statute of Limitations

The only remaining claims over which this court may have jurisdiction are Navin's claims regarding unfair and deceptive handling of the loan accounts in violation of CUTPA. There is a three-year statute of limitations on CUTPA claims.  CONN. GEN. STAT. § 42-110g. The present action alleging violations of CUTPA was filed on May 18, 2012.  *See* Compl. (doc. # 1).  Thus, to have an actionable claim under CUTPA, Navin must allege violations that occurred after May 18, 2009.

During the hearing on February 15, 2013, I granted defendants' motion to dismiss the CUTPA claims because Navin failed to plead with specificity any activity in the account that fell within the statutory limitations period.  If there is no activity in the mortgage account, logically, there can be no basis upon which a CUTPA claim can be made against the defendants.  The dismissal contained one caveat: should Navin be able to produce evidence showing any activity in the mortgage account within the limitations period, the dismissal would be reconsidered.[1]

Navin was unable to produce any such evidence.  The evidence Navin did offer (labeled "Exhibit A" in doc. # 32) demonstrates only that he previously held a mortgage serviced by Wells Fargo, nothing more.  The evidence fails to demonstrate any activity in the mortgage account that would not be time-barred by the statute of limitations.  Thus, Navin has failed to state any claim upon which this court could afford him relief.

The standard for a motion to reconsider is strict and the burden rests with the plaintiff to

---

[1] The plaintiff would still have to allege and prove the bank perpetrated some type of fraud with regards to this account, but alleging there was account activity in the three years preceding the filing of this lawsuit would at least set forth the factual predicate of a claim upon

produce law or facts calling into question the ruling against him.  Navin has failed to meet that burden.  There has been no intervening change in the controlling law of this case.  Nor has the plaintiff pointed to any clear error on the part of the court.  And despite an opportunity to do so, Navin has failed to produce any evidence to suggest this court should reconsider its ruling on the motion to dismiss.

**IV.    Conclusion**

For the reasons stated above, Navin's motion for reconsideration (doc. # 32) is DENIED.  It is so ordered.

Dated at Bridgeport, Connecticut, this 2nd day of August 2013.

   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

which Navin could proceed.